## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BRANDON M. EVANS, ) | |
| on behalf of himself and all ) | |
| others similarly situated, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | FILE NO._____ |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| HUNTER WARFIELD, INC., ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Brandon M. Evans, by counsel, hereby files his Class Action Complaint ("Complaint") against Defendant Hunter Warfield, Inc. ("Defendant") as follows:

## INTRODUCTION

1. This is an action for damages based upon Defendant's unlawful conduct in furtherance of its efforts to collect a consumer debt. Defendant's conduct violated both the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*. ("FCRA").

2. Plaintiff is a natural person who resides in this District. He is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for a residential apartment lease in his name and without his knowledge or consent.

3. Defendant is a foreign corporation and a "debt collector" as that term is defined by the FDCPA.

4. As set forth below, Defendant reported a consumer debt to the credit bureaus for inclusion on Plaintiff's credit file that did not belong to Plaintiff. Defendant failed to contact Plaintiff before doing so in violation of the FDCPA. As a result, Plaintiff was deprived of the opportunity to dispute the inaccurate information with the credit bureaus and/or Defendant before it appeared on his credit file.

5. As further set forth below, on or about December 16, 2022, Defendant requested and obtained Plaintiff's consumer report from Trans Union LLC ("Trans Union"), a national consumer reporting agency. Defendant obtained Plaintiff's consumer report in relation to a debt arising from an apartment lease and not in relation to a "credit transaction" initiated by Plaintiff. Accordingly, Defendant did not have a permissible purpose for obtaining Plaintiff's consumer report and did so in violation of the FCRA.

6. As a result of Defendant's wrongful access to Plaintiff's consumer report as described herein, Plaintiff has suffered an invasion of his privacy and other damages as set forth below.

7. Plaintiff suffered concrete harm as a result of Defendant's violations of the FDCPA and FCRA.

**PARTIES, JURISDICTION, AND VENUE**

8. At all times material to this action, Plaintiff was a resident of Ohio. He is a math teacher. He has a bachelor's degree in Secondary Mathematics and a master's degree in educational technology.

9. At all times material to this action, Defendant was a Florida corporation doing business in Ohio. Defendant seeks to collect debts from consumers in Ohio and nationwide.

Defendant may be served with a copy of the Complaint and summons through its registered agent for service, to-wit: Stephen Sobota, 4620 Woodland Corporate Boulevard, Tampa, FL 33614.

10. This Court has federal question jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant to 15 U.S.C. § 1692(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

11. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

12. Defendant is subject to the jurisdiction of this Court.

## **CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a national class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3) on behalf of the following two classes (collectively "Classes") consisting of all similarly situated persons:

(a) All persons with an address in Ohio for whom Defendant, within the year preceding the filing of this action through the date of final approval, reported a consumer debt to any consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*., without first communicating with the consumer about the alleged debt either by (i) speaking with the consumer in person or by phone; (ii) delivering a letter to the consumer; or (iii) delivering an electronic message to the consumer, or for whom Defendant, after sending a letter or electronic message to a consumer about an unreported alleged debt, failed to wait at least 14 consecutive days for a notice of undeliverability (the "FDCPA Class").

(b) All persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was furnished to Defendant by Trans Union, within the two years preceding the filing of this action through the date of final approval, for the purposes of collecting a debt arising out of any residential apartment lease (the "FCRA Class").

14. Excluded from the Classes are: Defendant's officers, directors, employees, legal representatives, successors, assigns, and any individual who at any time during the class period has had a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Classes.

15. Plaintiff reserves the right to modify the Classes, add subclasses, and modify the class period as discovery is conducted.

16. The Classes are so numerous that joinder of all class members is impractical. While the exact number of Class members is unknown, it is estimated that there are hundreds, if not more, potential Class members in both the FDCPA Class and the FCRA Class given the high volume of accounts upon which Defendant collects.

17. There are questions of law and fact common to the FDCPA Class including (i) whether Defendant reported accounts to the credit bureaus concerning the FDCPA Class members; (ii) whether Defendant provided the pre-reporting notice required by 12 C.F.R. § 1006.30(a)(1) to the members of the FDCPA Class before reporting their accounts to the credit bureaus; and (iii) whether the FDCPA Class members are entitled to recover damages. There are questions of law and fact common to the FCRA Class including: (i) whether Defendant requested and obtained consumer reports on the FCRA Class Members; (ii) whether the consumer reports were related to a "credit transaction"; (iii) whether Defendant willfully violated the provisions of 15 U.S.C. §1681b; and (iv) whether Plaintiff and the FCRA Class members are entitled to recover damages.

18. Plaintiff's claims are typical of the claims of the members of the FDCPA Class because all members of the FDCPA Class suffered damages arising from Defendant's failure to comply with 12 C.F.R. § 1006.30(a)(1) before reporting their consumer debts to the credit bureaus.

4

Plaintiff's claims are typical of the claims of the members of the FCRA Class because all members of the FCRA Class suffered invasion of privacy and similar damages arising from Defendant's impermissible pull of their consumer reports.

19. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

20. Plaintiff has retained counsel competent and experienced in this type of litigation and Plaintiff has no interests antagonistic to or in conflict with the other members of the Classes.

21. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action. The Class members can be identified through Defendant's records.

22. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Classes. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

23. There are questions of law and fact common to the members of the Classes which predominate over any questions affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

24. Plaintiff lives and works in Munroe Falls, Ohio.

5

25. Plaintiff is allegedly obligated to pay a $201 consumer debt ("Debt") arising from apartment rent at the Gables Tanglewood apartment complex ("Apartment") and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Apartment is located in Houston, Texas. Plaintiff has never lived at the Apartment nor in Texas. He does not owe the Debt.

26. Defendant is a collection agency specializing in the collection of consumer debt.

27. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

28. Defendant manages, and collects upon, thousands of consumer debts annually.

29. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. 1692a (2).

30. On or about March 10, 2023, Plaintiff obtained a copy of his credit report as published by Experian. In reviewing the report, he noticed that Defendant reported to Experian that it was collecting a delinquent account against Plaintiff in the amount of $201 ("Debt"). Defendant reported that the Debt originated with the Apartment. A copy of the tradeline as published by Experian is attached hereto as Exhibit A.

31. Prior to the time Defendant reported the Debt to Experian, Plaintiff did not receive any letters, emails, calls, texts, or any communications whatsoever from Defendant.

32. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB") published amendments to 12 C.F.R. Part § 1006 (hereinafter referred to as Regulation F).

33. Regulation F was issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the FDCPA, 15 U.S.C. § 1692b, 1692o; Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"); 12 U.S.C. § 5481, *et seq.*,

and paragraph (b)(1) of 104 of the Electronic Signatures in Global and National Commerce Act ("E-sign Act"), 15 U.S.C. § 7004.

34. The Fair Debt Collection Practices Act and, specifically, Regulation F apply to the Defendant at all times relevant hereto.

35. As of the enactment of Regulation F, a debt collector, such as Defendant, is prohibited from reporting a debt to any of the three major credit reporting agencies, which would include Experian, without first contacting the consumer. To satisfy this requirement, the collector must speak to the consumer in person, or by phone, or mail a letter, or send an electronic message about the debt to the consumer and then wait a "reasonable period of time" (at least 14 consecutive days) to see if a notice of undeliverability comes back. If the collector gets a notice that the letter or message was undeliverable, the collector cannot report the debt to the credit reporting agency unless it achieves communications as detailed above. 12 C.F.R. § 1006.30(a)(1).

36. Plaintiff and the other Class members did not receive any communication from Defendant as required by 12 C.F.R. §1006.30(a)(1) prior to Defendant reporting their debts to Experian and/or other consumer reporting agencies.

37. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners,* 682 F.Supp.2d 1274 (S.D. Ala. 2010).

38. On or about December 16, 2022, Defendant requested and obtained a copy of Plaintiff's consumer report from Trans Union. A copy of the entry from Plaintiff's Trans Union credit file reflecting Defendant's request is attached hereto as Exhibit B.

39. Plaintiff did not authorize Defendant to pull his consumer report. He did not initiate any credit transaction with the underlying apartment complex related to the debt.

7

## INJURIES-IN-FACT

40. The FDCPA provides consumers with "statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

41. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

42. Violation of statutory rights are not a 'hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

43. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, and those of the FDCPA Class members, Plaintiff and the FDCPA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

44. Defendant's act of requesting and obtaining Plaintiff's consumer report was an invasion of his privacy, and the privacy of the FCRA Class members, and the FCRA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

### COUNT ONE:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et. seq*. *Violation of Regulation F, 12 C.F.R. § 1006.6(e)*

45. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

46. Plaintiff and the Class members have been the objects of collection activity by Defendant arising from consumer debts including, but not limited to, debts arising from the rental of residential apartments.

47. Defendant is a debt collector as defined by 15 U.S.C. § 1692a (6).

48. Defendant's failure to communicate with Plaintiff and the Class members as prescribed by the act and its regulations prior to reporting their purported debts to the credit bureaus was a violation of 12 C.F.R. § 1006.30(a)(1).

49. Pursuant to 15 U.S.C. 1692k, Plaintiff and the Class members are entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorneys' fees.

## COUNT TWO:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et. seq*.

50. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

51. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished" under Section 1681b of the FCRA.

52. The collection of a debt alleged to arise out of a residential apartment lease transaction is not a permissible purpose for furnishing a consumer report to a third-party under the FCRA because such a debt does not arise from a "credit transaction" as described in Section 1681b(a) of the FCRA.

53. Plaintiff's Trans Union credit file reflects that Defendant requested and obtained Plaintiff's consumer report from Trans Union on or about December 16, 2022.

54. Upon information and belief, the purpose for which Defendant requested a copy of Plaintiff's consumer report from Trans Union was to collect the underlying apartment lease debt.

55. Defendant's obtaining and use of Plaintiff's consumer report for the purpose of collecting on apartment debt not arising from "credit transactions" initiated by Plaintiff and other consumers is a violation of Section 1681b(f) of the FCRA.

56. Defendant's conduct was an invasion of Plaintiff's privacy and caused him emotional distress.

57. Defendant's violation of the FCRA was willful, giving rise to liability under 15 § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

**TRIAL BY JURY**

58. Plaintiff and the Class are entitled to and hereby request a trial by jury.

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and the Classes:

a. That the Court certify both Classes pursuant to Fed. R. Civ. P. 23;

b. Appoint the undersigned as counsel for the Classes;

c. Enter judgment against Defendant and in favor of Plaintiff and the FDCPA Class for compensatory and statutory damages in an amount to be proven at trial as well as reasonable attorneys' fees and costs;

d. Enter judgment against Defendant and in favor of Plaintiff and the FCRA Class for compensatory, statutory, and punitive damage in an amount to be proven at trial as well as reasonable attorney's fees and costs.

e. Prejudgment and post-judgment interest at the maximum statutory rate; and,

f. Such other relief, legal or equitable, as the Court deems just and proper.

Respectfully submitted this 16th day of May 2023.

>Respectfully submitted,
>
>*/s/ Robert W. Murphy*
>Robert W. Murphy, Esq.
>Fla. Bar No 717223
>Law Office of Robert W. Murphy
>440 Premier Circle
>Suite 240
>Charlottesville, Virginia 22901
>(434) 328-3100 / (954)763-8660
>rwmurphy@lawfirmmurphy.com
>
>John A. Love, Esq.
>ND Ohio No. GA67224
>Love Consumer Law
>2500 Northwinds Parkway
>Suite 330
>Alpharetta, Georgia 30009
>(404)855-3600
>tlove@loveconsumerlaw.com
>
>Seth Lehrman, Esq.
>(To be admitted *pro hac vice*)
>Edwards Pottinger LLC
>425 N. Andrews Avenue
>Suite 2
>Fort Lauderdale, Florida 33301
>(954) 323-2066
>seth@epllc.com
>
>*COUNSEL FOR PLAINTIFF*